QUESTIONS: 1. Are the proceedings authorized by s. 705.01(1), F. S., purely administrative or are they in the nature of an adversary proceeding? 2. What disposition should be made of the 1 percent of the balance of the proceeds of a sale which, pursuant to s. 705.03, F.S., is to be paid to the county court judge?
SUMMARY: The procedure established by s. 705.01(1), F.S., for the sale of abandoned personal property is an administrative procedure and not an adversary proceeding. Pending legislative or judicial clarification, the fee authorized to be paid to the county court judge pursuant to s. 703.05, F.S., should be paid to the clerk of the circuit court, acting as clerk of the county court, to be remitted to the county in which such county court is located. AS TO QUESTION 1: Section 705.01(1), F.S., as amended by Ch. 73-334, Laws of Florida, provides: (1) Whenever any wrecked derelict goods, abandoned motor vehicle, or other personal property shall be found in any county in this state, the county court judge shall ascertain the amount and situation of the same, and by his written order shall cause the sheriff to take charge thereof and sell the same at public outcry, after giving a reasonable notice of the time and place of such sale. My research has not revealed any reported decisions of the Florida Courts which shed light on this question. However, inasmuch as the statute establishes no prerequisites to the entry of the judge's order other than the ascertainment of the amount and situation of the property, I am of the view that the statute contemplates a purely administrative act on the part of the judge. Thus, it would not be necessary to establish a file and case number or collect filing fees, as is the case in an adversary proceeding. Cf. AGO's 066-97 and 057- 154 which, although not specifically so stating, suggest the same conclusion. AS TO QUESTION 2: Prior to the revision of Art. V, State Const., s. 705.03, F.S., provided that the "county judge" was to be paid 1 percent of the balance of the proceeds (after payment to the persons filing and reporting abandoned personal property) for his services in connection with the sale of personal property abandoned in the county. See Ch. 73-334, Laws of Florida, which amended s. 705.03, id., to read "county court judge." Also prior to the revision of Art. V, supra, and depending on the county in which his court was located, a county judge was either a county budget officer or a fee officer. See Ch. 44, F.S. 1971. Pursuant to s. 44.05(5), if a county judge was a county budget officer he was required to remit monthly to the county all fees and commissions collected by him for the services rendered or performed by his office. He was then paid a salary from the county's general fund. Section 44.02. If he was a fee officer, the county judge derived his compensation and paid the expenses of his office from fees collected from the performance of services by his office. With the adoption of Revised Art. V, supra, county judges' courts were eliminated and all county court judges were made state-salaried officers. Section 34.024, F.S.; see also Art. V, s. 14, State Const., which prohibits county court judges from receiving commissions other than their state salaries. Aside from the county court judge's salary, however, the reasonable expenses of operating a county court are paid by the county, s. 34.171, id.; and, in return, all filing fees collected in county court are remitted monthly to the county. Section 34.041(1), id. Notwithstanding this judicial restructuring, however, s. 705.03, supra, continues to provide that the county court judge be paid a percentage of the proceeds for his services in connection with the sale of abandoned personal property. In order to give this provision effect, therefore, it would have to be concluded that a nonfee, state-salaried officer who is prohibited from receiving compensation other than his state salary is entitled to a fee for his official services in connection with the sale of abandoned personal property. Such a conclusion would be unreasonable, and it is a fundamental rule of statutory construction that legislative acts should be construed in order to avoid absurd or unreasonable results. Therefore, and in answer to your inquiry, I am of the opinion that, pending a legislative or judicial clarification, the fee authorized to be paid to the county court judge pursuant to s.703.05, F.S., should be paid to the clerk of the circuit court, acting as clerk of the county court, to be remitted to the county in which such county court is located, as are the county court filing fees pursuant to s. 34.041(1), supra. Such payment would reimburse the county for the payment of county court expenses in connection with the sale of abandoned personal property. See s.34.171, supra.